49    441
49    799

## The Missouri Pacific Railway Company v. T. M. Gill.

1. RAILROAD COMPANY — *Damage to Stock — Notice of Demand.* In an action under ¶ 1252 of the General Statutes of 1889, for injuries to stock, where there was evidence tending to show that there was both a verbal and a written demand, but the trial court rejects the copy of the notice of the written demand upon the ground that it was not the best evidence, and the jury found that there was both a written and a verbal demand, *held,* that the finding that there was a written demand was immaterial, and that a new trial should not be granted for that reason.

2. COMPANY, *Liable Under the Statute.* The plaintiff's mare was pasturing on the defendant's right-of-way, at a place where it ought to have been, but was not, inclosed. She was frightened by the sounding of a whistle upon an engine drawing a train of cars, and ran along by the side of the track on the right-of-way into a barbed wire fence running at right angles with the railroad, and was injured. *Held,* That the defendant was liable, under the statute.

*Error from Osage District Court.*

ACTION by *Gill* against the *Railway Company,* to recover for injuries to a mare on defendant's right-of-way. Verdict and judgment for plaintiff, on May 2, 1889. Defendant brings error.

*L. T. Wilson,* and *Waggener, Martin & Orr,* for plaintiff in error:

The record does not show any statutory liability. It does not appear that any legal demand was made upon the company 30 days before the suit was brought. It is true that

the jury found that a demand was made upon the station agent, and that this demand was in writing; and, as the question was submitted how the demand was made, and the jury answered that it was "in writing," this expression of the manner of the demand should be considered as exclusive of any other, notwithstanding the answer to question 10, for that question was inexact, and the jury probably did not consider the words "oral" and "verbal" as synonymous, but rather as in contrast, in the connection in which they stood. The only evidence offered of a demand in writing, however, was excluded by the court. If the answers to questions 10 and 12 are contradictory, then a new trial should have been granted for that reason.

The essential facts are not of a nature to justify a recovery. Statutes of the character under consideration have generally received a strict construction. In *Peru & Ind. Rld. Co. v. Hasket*, 10 Ind. 409, a mare, at the sound of the whistle, ran on the track before the train until she came to a culvert, and then jumped so as to clear the culvert, and fell on the west side of the track. She was not touched by the locomotive or any part of the train, but her left fore leg was broken, and she was otherwise badly injured. The court held that the railroad company was not liable. Under the same statute, it was uniformly held that in order to recover it was necessary for the plaintiff to show that his cattle were struck by the engine or cars of the defendant. *L. N. A. & C. Rly. Co. v. Smith*, 58 Ind. 575. See, also, *J. M. & I. Rld. Co. v. Downey*, 61 id. 287.

By § 809 of Missouri Revised Statutes of 1879, railway companies were required to fence their roads, etc., and it was provided that, "until fences, openings, gates and farm crossings and cattle-guards" should be made and maintained as required by the act, the railway company should be "liable in double the amount of all damages which shall have been done by its agents, engines or cars to horses, cattle, mules or other animals on said road, or by reason of any horses, cattle, mules or other animals escaping from or coming upon said

lands, fields, or inclosures, occasioned in either case by the failure to construct or maintain such fences or cattle-guards." Under this section, (which, as amended by the act of 1885, is published in the revision of 1889 as § 2611,) it was held by the supreme court of Missouri, that a plaintiff was not entitled to recover for injuries to an animal which, having got upon the railroad track, ran from fright into a trestle or bridge, and was injured without being struck by the train. *Foster v. St. L. I. M. & S. Rly. Co.*, 90 Mo. 116, 119, 120. See, also, *Lafferty v. H. & St. J. Rld. Co.*, 44 id. 29, 292.

The Illinois statute of 1874, as amended in 1879, required the fencing of railroads, and on failure to so fence, the railway company was made liable for all damages which may be done by the "agents, engines or cars" to cattle, horses, or other stock. But where the plaintiff's horse got upon the track of an unfenced railroad, and was frightened either by the approaching train or the sound of the bell or whistle, or all of them combined, and in its flight was injured, either by jumping a cattle-guard, or by coming in contact with a wire fence, or both, and no injury was done to the horse by any actual collision or contact with the engine or cars of the train, it was held that the company was not liable under the statute. *Schertz v. I. B. & W. Rly. Co.*, 107 Ill. 577.

Under our Kansas statute, this court has held that no actual collision between the engine and the animal injured is essential to liability, and that it is enough if the injury occurs in the operation of the railroad, and as a direct result therefrom. *A. T. & S. F. Rld. Co. v. Jones*, 20 Kas. 527. We do not know of any case, however, where there has been a recovery in this state under the statute, unless the animal has either been struck by a moving engine, car, or vehicle on the road, or injured on the track. In the case above cited, the railroad was not fenced, and a mare belonging to the plaintiff was on the track when a train approached, and, frightened thereby, she ran along the track, followed by the train, until she reached a bridge, when she either attempted to jump forward, or was struck by the locomotive and thrown forward upon the bridge,

and her legs falling between the ties, she received such injuries as caused her death.

In *A. T. & S. F. Rld. Co. v. Edwards*, 20 Kas. 531, 533, it was held by this court that where a railway bridge was built of ties, with open spaces between, and two mares attempting to cross the bridge became fastened and injured therein, the road being unfenced, these facts did not bring the case within the scope of said act of 1874, the injury not being inflicted "in operating such railway." We suppose that if the beasts had been upon the track on account of the absence of a fence to prevent them from being there, and an approaching train had chased and driven them into the bridge, and they were so injured, without being struck by the engine or cars, it might yet truly be said that this injury was the "direct result" from the "operating of such railway." But in the present case the mare was not on the road at all, and therefore no fence was needed to keep her off, and her injury resulted, not from any collision with the engine and cars, but from contact with the fence inclosing the pasture in which she was grazing.

*J. W. Lord,* for defendant in error:

This court has decided that an oral demand is sufficient, and that slight evidence will sustain the verdict of a jury that demand was made. *K. P. Rly. Co. v. Ball*, 19 Kas. 535; *K. C. Ft. S. & G. Rld. Co. v. McHenry*, 24 id. 501; *C. B. U. P. Rld. Co. v. Walters*, 24 id. 504.

The court excluded our evidence of a written demand, but we think an oral demand was sufficiently proven. It was clearly shown that all the particulars concerning the injury to the mare were narrated by the plaintiff to a ticket agent of defendant, and that an oral demand for damages was made on him at the proper time.

Counsel for plaintiffs in error assert that the essential facts are not of a nature to justify a recovery. The decisions from other states which they refer to are based upon statutes unlike ours, and therefore are not applicable. The only object stated in the brief for the introduction of those decisions is, to show

that statutes of a character similar to ours have generally received a strict construction. That may be true. The statutes of those states were not capable of any other than strict construction. They contained no sweeping clause like § 1252 of our statute, viz., . . . "or in any other manner whatever in operating such railway, irrespective of the fact as to whether such killing or wounding was caused by the negligence of such railway company or corporation, or the assignee or lessee thereof, or not." Whether defendant in this case is liable under the statute or not, depends upon the construction of that clause. The question is, was the mare injured in any manner whatever in operating the railway? If she was so injured, there is statutory liability.

This court has so modified the broad language of said § 1252, by construing it in connection with the fence law, "that wherever the question of fence sustains no relation to the injury, the stock act is inapplicable." *A. T. & S. Rld. Co. v. Jones*, 20 Kas. 527; *A. T. & S. Rld. Co. v. Edwards*, 20 id. 531.

Therefore, the query becomes, did the question of fence sustain any relation to the injury in this case? If the road had been inclosed with a lawful fence, would the mare have been injured? We say not.

Opinion by GREEN, C.: This was an action brought by T. M. Gill against the Missouri Pacific Railway Company, to recover damages for injuries to a mare owned by the former on October 20, 1886. The plaintiff alleged the failure of the railway company to fence its railroad, and also negligence upon the part of the company in sounding the whistle, by reason of which the mare of the plaintiff became frightened and ran against a barbed-wire fence, and was injured. It seems from the evidence that the mare, with four other horses, was grazing north of the railroad track, in a pasture which lies principally on the south side of the right-of-way, but also extends a short distance north of it, leaving only a narrow strip between the railroad and the fence on the north

side of the pasture. There was a young hedge inclosing the pasture, with a barbed-wire fence on the inside of it, and when the railroad was constructed through the north side of the pasture the company made a barbed-wire fence from the northeast corner of the pasture south to the track. The strip north of the track was in blue-grass, and as the horses were grazing there, near the track, a construction train approached from the west, and the engineer sounded the whistle, the first blast of which scared the animals, and they all ran eastwardly, the mare in the lead, broke through the barbed-wire fence forming the east line of the pasture north of the track, and she was thereby injured.

The case was first tried before a justice of the peace, and then appealed to the district court, and each time resulted in a judgment for the plaintiff. In the district court the plaintiff recovered a verdict for $100 damages and $35 attorney's fees. The railroad company brings the case here, and insists that there is neither common-law nor statutory liability.

The verdict and judgment of the district court are based upon the theory that there was a statutory liability, and it is unnecessary for us to discuss the question of the common-law liability, if the judgment can be upheld upon the theory upon which this case was tried and determined.

The first claim made is, that there was no legal demand made upon the railroad company 30 days before the suit was brought.

The plaintiff below commenced his suit on the 22d day of March, 1888. He testified that he served notice on the agent of the company on the 9th day of January, 1888. It is true that when he offered a copy of the demand in evidence it was rejected, because it was not the best evidence. He had without objection testified that he had given the company a written notice, and afterward testified that he made an oral demand for his damages upon the ticket agent. The jury, in answering the special questions, found that the plaintiff had made a demand in writing, as well as an oral or verbal demand. It is now insisted by the plaintiff in error that,

because the court excluded the copy of the written demand because it was not the best evidence, the answers of the jury to the special questions in regard to the demand were contradictory, and the court should for that reason have granted a new trial. There was evidence that the plaintiff made both a written and verbal demand upon the agent of the railroad company more than 30 days before the commencement of the action. The jury having found that a demand had been made, it is immaterial whether it was in writing or not. Either is sufficient. (*C. B. U. P. Rld. Co. v. Butman,* 22 Kas. 640.)

It is further argued, that the essential facts do not justify a recovery in this case; that the animal was not injured in operating the railroad, and as a direct result of such operation. The jury found that the mare was grazing in the pasture on the railroad company's right-of-way, and that she was injured several feet north of the track, by running into a barbed-wire fence which ran at right angles with the railroad from a culvert to the fence on the north side of the pasture.

While the precise question has never been passed upon by this court, it has been held, in the case of *A. T. & S. F. Rld. Co. v. Jones,* 20 Kas. 527, that where an animal got on to the railroad track at a place where it should have been but was not fenced, and was frightened by an approaching train and fled along the track until a bridge was reached, and was either thrown forward or jumped onto the bridge and fell between the ties and was thus fatally injured, the railroad company was liable under the statute. In delivering the opinion of the court, Judge BREWER said:

"Again, the liability is not limited to cases where the animal is killed or wounded by the 'engine or cars'—which might perhaps be construed as referring solely to actual collision— but extends to those cases where the animal is injured 'in any other manner whatever in operating such railway.' This last clause is very broad, and clearly covers a case like the present. Whether the engine struck the mare or not, the in-

jury resulted directly from the operating of the railway. Of course, the mere fact that she was injured on the track would not be conclusive. An injury might happen from the act of strangers, or the wanton acts of employés of the road, outside of the scope of their employment. If a brakeman, seeing a mare on the track, had drawn his revolver and shot her in mere wantonness, the company would not be liable. Such act might be done *while* operating the railway, but not *in* operating it. It is like any other wanton and willful act of employés outside the scope of their employment, casting no liability on any one but themselves. But when the injury occurs in the actual operating of the railway, and as the direct result of such operating, then the statute applies. Here the company was running one of its trains. An animal is on the track, permitted to come on through the lack of a fence along the track at a place where it ought to be fenced. The approaching train frightens it, it flees along the track to avoid the danger, and in that flight either falls or is thrown by the engine into the open spaces of a tie bridge, and is injured. Clearly, the train acting upon the animal's sense of fear, and the open space of the bridge, are the direct causes of the injury. It results from and occurs in the operating of the railroad."

In this case, instead of being on the track, the mare was on the right-of-way, became frightened by the sound of the whistle, ran along the right-of-way by the side of the track, and into the barbed-wire fence.

We think, upon the authority of the above case, the company is liable, and the judgment of the district court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.